UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAQUAN CORDELL WILLIS,           )
                                 )
                Plaintiff,       )
                                 )
        v.                       )        No. 1:26-cv-01037-JRS-KMB
                                 )
KEVIN GILYARD Artist             )
   a/k/a KEVIN GATES, et al.,    )
                                 )
                Defendants.      )

**Order Dismissing Complaint and Opportunity to Show Cause**

Plaintiff Jaquan Willis is a prisoner at Indiana State Prison. He filed this civil action related to an incident that occurred while he was detained at the Howard County Jail ("the Jail"). He also makes claims related to two songs that allegedly were made about him.

Mr. Willis filed this case in the Northern District of Indiana, but that District transferred the case to this District. Dkt. 9. Before the case was transferred, the Northern District struck Mr. Willis's original complaint and directed him to file an amended complaint. Dkt. 4. Mr. Willis did so before the case was transferred, and the amended complaint has not been screened. Dkt. 5. Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). The Court also addresses and **DENIES** several motions Mr. Willis has filed. Dkts. [7], [8], [16], [17], [18].

1

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The amended complaint names as defendants (1) Kevin Gilyard a/k/a Kevin Gates (a musician/rapper located in Louisiana); (2) John Doe #1 (Gilyard's manager); (3) John Doe #2 (CEO of Gilyard's recording label); (4) John Doe #4 (a video producer); (5) John Doe #5 (a DJ); (6) Correctional Officer Brittany Hoover; (7) Correctional Officer Davis; (8) Correctional Officer Zachary Schultz; (9) Marcus Stone (apparently a former inmate at the Jail); (10) Ke'vonte Tyler (an inmate at Pendleton Correctional Facility); (11) John Doe #6 (CEO of YouTube); (12) John Doe #7 (CEO of Spotify); (13)

2

John Doe #8 (CEO of Viapath Financial Services); (14) John Doe #9 (CEO of Touchpay Holdings); (15) John Doe #10 (CEO of Vevo).

It appears that Mr. Willis alleges Mr. Gilyard recorded two songs about Mr. Willis that disparaged and humiliated him. Mr. Willis is suing Mr. Gilyard, the DJ who made a beat for the songs, Mr. Gilyard's record label CEO, the person who produced videos for the songs, and the CEOs of any company involved in distributing Mr. Gilyard's songs. It is unclear when these alleged songs were made and distributed.

Mr. Gilyard allegedly also wanted Mr. Willis murdered, and Officer Hoover conspired with Mr. Stone and Mr. Tyler to assist them in attacking and attempting to murder Mr. Willis at the Jail. Officers Davis and Schultz allegedly also helped with the conspiracy. The alleged attack took place on June 21, 2020.

In addition to damages, Mr. Willis wants various defendants charged with attempted murder in connection with the attack on him. He has specified that he wants to file a "1983 Civil Complaint." Dkt. 5 at 1.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed.

First, to the extent Mr. Willis alleges Officers Hoover, Davis, and Schultz failed to protect Mr. Willis from attack by Mr. Stone and Mr. Tyler, or conspired to allow the attack, any such claims appear to be time barred. Suits under 42 U.S.C. § 1983 use the statute of limitations and tolling rules that states employ for personal-injury

3

claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. The events related to this alleged attack occurred in June 2020. Mr. Willis signed his original complaint on April 27, 2026, nearly six years later. "Although untimeliness is an affirmative defense, a complaint can be dismissed sua sponte if a valid affirmative defense is so plain from the face of the complaint that the suit is frivolous." *Baldwin v. Raemisch*, 788 F. App'x 390, 392 (7th Cir. 2019) (citing *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755 (7th Cir. 2016)). Such is the case here. Accordingly, Mr. Willis's claims related to the June 2020 attack are dismissed as time-barred.

Second, the claims related to Mr. Gilyard's alleged songs appear to be delusional.[1] A complaint that is wholly insubstantial does not invoke the district court's subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *In re African American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006). When it becomes clear that a suit filed *in forma pauperis* is irrational or delusional, the district court is required to dismiss it, *see* 28 U.S.C. § 1915(e)(2)(B)(i); *Ezike v. National R.R. Passenger Corp.*, 2009 WL 247838, at *3 (7th Cir. 2009). As presented, this case is frivolous and deserves no further judicial time. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Furthermore, all of Mr. Willis's allegations regarding the songs name private persons as defendants.

> Section 1983 provides a cause of action against "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any*

---

[1] Again, it is unclear when Mr. Gilyard allegedly made these songs, so it is impossible to determine whether claims related to the songs also would be time barred.

4

*State*" deprives someone of a federal constitutional or statutory right. (Emphasis added.) As its text makes clear, this provision protects against acts attributable to a State, not those of a private person.

*Lindke v. Freed*, 601 U.S. 187, 194 (2024). Mr. Willis has specifically invoked Section 1983 as the basis of his lawsuit. That statute cannot be used to sue private citizens for private actions.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through July 13, 2026,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–55 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

### V. Other Pending Motions

Mr. Willis has filed a motion for preliminary injunction that apparently wants the Court to order paternity testing to determine whether he is the father of a certain child. This motion has no relation to any of the claims Mr. Willis is attempting to

make in this case, so it is **DENIED**. Dkt. [7]. *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief). Moreover, the **clerk is directed** to seal the filing at dkt. [7-1] because it appears to name a minor child. *See* Fed. R. Civ. P. 5.2(a).

Mr. Willis has also filed multiple motions seeking to add or subtract defendants, or to add evidence to the record. Those motions also are **DENIED**. Dkts. [8], [16], [17], [19]. If Mr. Willis wants to add or subtract defendants from a complaint, he must file a full amended complaint that lists all parties and claims he wishes to pursue. *See* dkt. 14 at 3; S.D. Ind. Local Rule 15-1(b). He cannot make piecemeal additions and subtractions to a complaint. Also, at the pleading stage of a case, like this one, it is unnecessary to present evidence in support of claims. Evidence should only be submitted in support of or in opposition to a specific motion, or at trial. **Mr. Willis should not file any additional motions in this matter until he has responded to the Court's show cause order and can demonstrate why this action should not be dismissed and final judgment entered**.

IT IS SO ORDERED.

Date: _____6/22/2026_____          _____
                                   JAMES R. SWEENEY II, CHIEF JUDGE
                                   United States District Court
                                   Southern District of Indiana

6

Distribution:

JAQUAN CORDELL WILLIS
297025
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only